# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

AUGUST 1997 SESSION



**FILED**

**September 19, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **ROSS JONES,** | ) | |
| | ) | |
| Appellant, | ) | C.C.A. No. 01C01-9604-CR-00155 |
| | ) | |
| vs. | ) | Davidson County |
| | ) | |
| **STATE OF TENNESSEE,** | ) | Honorable Ann Lacy Johns, Judge |
| | ) | |
| Appellee. | ) | (Post-Conviction) |
| | ) | |

FOR THE APPELLANT:

JACK E. SEAMAN
Attorney at Law
The Tower
611 Commerce St., Ste. 2704
Nashville, TN  37203

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

LISA A. NAYLOR
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

VICTOR S. JOHNSON III
District Attorney General

ROGER D. MOORE
Assistant District Attorney General
Washington Square
222 Second Ave. North, Ste. 500
Nashville, TN  37201-1649

OPINION FILED: _____

**AFFIRMED - RULE 20**

CURWOOD WITT
JUDGE

The petitioner, Ross Jones, appeals the Davidson County Criminal Court's dismissal of his petition for post-conviction relief. The petitioner is currently serving a sentence of 15 years in the Tennessee Department of Correction for a conviction of aggravated burglary. In this appeal, he presents two issues for our review: (1) whether he was denied the effective assistance of counsel, and (2) whether the sentencing statute under which he was sentenced is unconstitutional. Following a review of the record, we affirm the judgment of the lower court pursuant to Rule 20 of the rules of this court.

The petitioner was convicted following a jury trial in the Davidson County Criminal Court. His conviction was affirmed by this court on February 8, 1995, and the supreme court denied review. State v. Ross Jones, No. 01C01-9405-CR-00175 (Tenn. Crim. App., Nashville, Feb. 8, 1995), perm app. denied concurring in results only (Tenn. 1995). The petitioner filed his post-conviction petition on September 25, 1995. Counsel was appointed, the petition was amended and a hearing was held at which the petitioner and his trial counsel testified. The lower court denied relief, finding the petitioner failed to carry the burden of proof as to the ineffective assistance of counsel claims and that the appellate courts had previously rejected analogous challenges to the constitutionality of the sentencing statute. The petitioner then perfected his appeal to this court.

Having filed his post-conviction petition after May 10, 1995, the effective date of the new Post Conviction Procedure Act, the petitioner has the burden of proving his allegations of ineffective assistance of counsel by clear and convincing evidence. See Tenn. Code Ann. § 40-30-210(f) (Supp. 1996). The petitioner testified on his own behalf as to some of his claims, and he elected to present no evidence whatsoever on other claims. The state presented the testimony of the petitioner's trial counsel. The testimony of the petitioner and trial counsel was contradictory on key points. The trial court found petitioner's trial

counsel credible and rejected the contrary testimony given by the petitioner. As such, the court found the petitioner failed to carry the burden of proof.[1] The evidence does not preponderate against the lower court's judgment in this regard. Butler v. State, 789 S.W.2d 898, 900 (Tenn. 1990).

Next, the petitioner, who was sentenced as a persistent offender, argues he is entitled to a minimum sentence because the Sentencing Reform Act of 1989 violates the separation of powers provision of Article II, Section 2 of the Tennessee Constitution by setting release eligibility and giving the trial court the authority to require service of a definite percentage of a sentence prior to parole eligibility. As the lower court correctly found, the challenged portion of the Sentencing Reform Act of 1989 does not violate separation of powers. See, e.g., William Lee Tollett v. State, No. 01C01-9605-CR-00180, slip op. at 3-4 (Tenn. Crim. App., Nashville, Apr. 24, 1997); Frank Bell v. Ricky Bell, Warden, No. 01C01-9602-CR-00058, slip op. at 1 (Tenn. Crim. App., Nashville, Jan. 30, 1997), perm. app. denied (Tenn. 1997); cf., e.g., Jackie Lee Childs v. State, No. 01C01-9604-CR-00164, slip op. at 3-4 (Tenn. Crim. App., Nashville, Apr. 24, 1997) (Sentencing Reform Act of 1982); Charles Massengill v. State, No. 01C01-9605-CR-00191, slip op. at 3-5 (Tenn. Crim. App., Nashville, May 16, 1997) (Sentencing Reform Act of 1982).

The court below committed no error of law requiring reversal. The judgment is affirmed pursuant to Rule 20, Court of Criminal Appeals Rules.

---

[1] The trial court incorrectly relied on the "preponderance of the evidence" standard of proof required under the previous Post Conviction Procedure Act. This misplaced reliance is of no consequence, however, because the old standard is more favorable to the petitioner than the current "clear and convincing" standard.

_____
CURWOOD WITT, JUDGE


CONCUR:


_____
JOE G. RILEY JR., JUDGE


_____
_____ WALKER, SPECIAL  JUDGE

**NOTE:  NEED JUDGE WALKER'S FULL NAME**